PER CURIAM.
These disciplinary proceedings are before the Court on complaint of The Florida Bar and report of referee, pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar. No petition for review has been filed and we adopt the recommendation of the referee herewith.
The Bar filed a complaint in three counts. On count I, the referee found that Turner collected a $525 settlement in a civil action on behalf of a bank, which he failed to report or remit to the bank. On count II, the referee found that Turner received a settlement of more than $7,000 on behalf of *475 the same bank in settlement of a mortgage foreclosure action. The payment included attorney fees and court costs for which he had already been reimbursed by the bank. He did not inform the bank of the settlement. On learning of the settlement, the bank demanded payment, whereupon Turner paid less than the full amount with a trust account check which was returned for insufficient funds. He subsequently rendered a cash payment several hundred dollars short of the amount due the bank. On count III, the referee found that Turner failed to keep adequate records of his trust accounts, that he commingled personal and trust funds, that he paid office and/or personal expenses from trust accounts, and that the accounts were repeatedly overdrawn.
Turner did not cooperate with the investigation. He failed to appear at hearings, failed to produce requested' records, and otherwise prolonged the investigation. This Court suspended Turner November 2, 1982, pursuant to Florida Bar Integration Rules, article XI, Rule 11.10(6), because of the matters now before us. Because of Turner’s delaying tactics and his failure to produce records covering several years, the referee entered a contempt order. Eventually, the referee entered an order striking respondent’s pleadings and granting a default on the issue of guilt.
The Florida Bar presented clear and convincing evidence of guilt on all three counts at the final hearing. Neither Turner nor an attorney on his behalf appeared at the final hearing, despite more than adequate notice including a half-hour delay the morning of the hearing to allow a last-minute attempt to locate Turner. The referee recommended respondent be found guilty and be disbarred for five years as follows:
IV. RECOMMENDATION AS TO WHETHER OR NOT THE RESPONDENT SHOULD BE FOUND GUILTY: I recommend that Respondent be found guilty as to each of the violations charged in the Bar’s Complaint and specifically, that he be found guilty of violating the following Disciplinary Rules of the Code of Professional Responsibility and the Integration Rule of The Florida Bar:
(1) As to Count I, I recommend that Respondent be found guilty of violating Disciplinary Rules 9-102(A), (B)(1), (2), (3), & (4) of the Code of Professional Responsibility and article XI, Rule 11.02(4)(a) of the Integration Rule of The Florida Bar.
(2) As to Count II, I recommend that Respondent be found guilty of violating Disciplinary Rules 9-102(A), (B)(1), (2), (3) & (4) of the Code of Professional Responsibility and article XI, Rule 11.02(4)(a) of the Integration Rule of The Florida Bar.
(3) As to Count III, I recommend that Respondent be found guilty of violating Disciplinary Rules 9-102(B)(2) & (3) of the Code of Professional Responsibility and article XI, Rule 11.02(4)(a)(b) & (c) of the Integration Rule of The Florida Bar.
V. RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BE APPLIED:
Based upon the facts as set forth in the pleadings as well as the testimony of witnesses and evidence presented at the final hearing, I recommend that respondent be disbarred for a period not less than five (5) years.
In recommending discipline, I have considered the seriousness of the offense, together with the cumulative nature of the misconduct and find that Respondent’s actions evidence a pattern of failing to account for client’s trust funds, misuse and misappropriation of such funds and failing to maintain the required trust account records. Under these circumstances disbarment is clearly warranted.
Further, in recommending a five (5) year disbarment I have considered the following aggravating factors:
(1) Respondent’s conduct in these proceedings clearly indicates a willful disregard for the disciplinary system as well as the standards of professional *476 conduct under which attorneys must operate. The Citation for Contempt and Petition to Show Cause issued by this Referee on April 5,1983 illustrates Respondent’s contemptuous conduct.
(2) The testimony and the evidence clearly establish that from the inception of The Florida Bar’s inquiry into these matters, Respondent not only failed to cooperate with the Bar’s investigation but engaged in conduct which was apparently directed at frustrating the disciplinary proceedings. Respondent’s actions, including his obvious stalling tactics, have caused unnecessary delay, inconvenience and expense in processing these matters.
(3) Respondent failed to appear at the final hearing.
Considering all relevant factors, I find that Respondent has exhibited a course of conduct in these proceedings which indicates that he has as little regard for the disciplinary system as he has for his clients’ interests.
The referee also found costs amounted to $12,043.08.
Accordingly, we disbar Turner without leave to apply for readmission for a period of five years. Disbarment shall run from the date this order is filed. Costs are taxed to the respondent pursuant to the referee’s recommendation, with interest to accrue at twelve per cent for any amount unpaid after thirty days from the date of this order.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.